UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81253-CIV-ZLOCH

GEORGIA HILLER, individually
and as personal representative
of the Estate of Anthony
Hiller, deceased,

        **FINAL ORDER OF REMAND**

        Plaintiff,

vs.

WACHOVIA CORPORATION,

        Defendant.

_____/

    THIS MATTER is before the Court upon Plaintiff Georgia Hiller's Motion To Remand (DE 7). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    Plaintiff initiated the above-styled cause with the filing of her Complaint (DE 1, Ex. A) in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. Plaintiff alleged claims for negligence, breach of contract, and accounting, all under Florida state law. Specifically, Plaintiff claims that Defendant breached its employment contract with the deceased by failing to give him the opportunity, as provided for in the employee handbook, to enroll for certain insurance benefits. Defendant Wachovia Corporation timely filed its Notice Of Removal (DE 1), arguing that Plaintiff's claims are completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. (2006) (hereinafter "ERISA"). By the instant Motion (DE 7), Plaintiff argues that Defendant's Notice of Removal is defective,

and that this Court lacks jurisdiction over this action, because her common law claims are not preempted by ERISA.

Federal courts are courts of limited jurisdiction. <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 409 (11th Cir. 1999). The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until the parties demonstrate that jurisdiction over the subject matter exists. <u>United States v. Rojas</u>, 429 F.3d 1317, 1320 (11th Cir. 2005), <u>citing</u> <u>Turner v. Bank of N. Am.</u>, 4 U.S. (4 Dall.) 8, 10 (1799).  For this reason, statutes permitting removal are to be strictly construed against removal.  <u>Syngenta Crop Prot., Inc. v. Henson</u>, 537 U.S. 28, 32 (2002); <u>Burns v. Windsor Ins. Co.</u>, 312 F.3d 1092, 1095 (11th Cir. 1994).  The Eleventh Circuit has held, in no uncertain terms, that any doubts as to the propriety of removal must be decided in favor of remand.  <u>Am. Tobacco Co.</u>, 168 F.3d at 411 ("[A]ll doubts about jurisdiction should be resolved in favor of remand to state court.") (citations omitted); <u>see also</u> <u>Burns</u>, 31 F.3d at 1095.

ERISA expressly preempts "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan."  29 U.S.C. § 1144(a).  Thus, a state law cause of action must yield in the face of ERISA preemption.  However, ERISA preemption is not limitless.  <u>Forbus v. Sears Roebuck & Co.</u>, 30 F.3d 1402, 1405 (11th Cir. 1994) (noting that "the mere existence of an ERISA plan is not enough for preemption").  A state law cause of action is not preempted if it "makes no reference to, or functions irrespective of, a[n ERISA] plan."  <u>Sanson v. General Motors Corp.</u>, 966 F.2d

2

618, 621 (11th Cir. 1992).

Defendant argues that Plaintiff's claims are preempted by ERISA because she seeks benefits available under and employee welfare plan.  See 29 U.S.C. § 1132(a)(2)(B) (allowing a cause of action to a plan beneficiary "to recover benefits due to him under the terms of his plan").  However, Plaintiff's claims do not seek to enforce the terms of any ERISA-covered plan.  Rather, Plaintiff seeks to enforce the terms of an employment contract.  This action seeks not to recover benefits, but damages for Defendant's failure to uphold its end of the employment contract requiring it to provide the opportunity to sign up for the benefits.  "Although the remedy sought may affect the plan in that [Plaintiff's] damages (should she successfully prevail on her claims) against [Defendant} may be measured based on what she would have received under [it], such indirect relation between a beneficiary and the plan is not enough for preemption."    Morstein v. Nat'l Ins. Svcs., Inc., 93 F.3d 715, 723 (11th Cir. 1996) (citation omitted).  Congress enacted ERISA "to protect the interests of employees and other beneficiaries of employee benefit plans." Id. (citation omitted). Congress did not enact ERISA to enforce the general principle that promises ought to be kept, even in employment contracts. Plaintiff's state law claims have not been preempted by ERISA.  No other basis for this Court's maintenance of jurisdiction is alleged in the Notice Of Removal (DE 1), and allegations necessary to allege the same are not found elsewhere in the record.  Therefore, the Court shall remand this action for lack of subject matter

jurisdiction.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff Georgia Hiller's Motion To Remand (DE 7) be and the same is hereby **GRANTED**;

2. Pursuant to 28 U.S.C. § 1447(c) the above-styled cause be and the same is hereby **REMANDED** to the state forum for further proceedings because the Court lacks subject matter jurisdiction over the same;

3. The Clerk of the United States District Court for the Southern District of Florida be and the same is hereby **DIRECTED** to forward a certified copy of this Final Order of Remand to the Clerk of the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, in Case No. 50 2008 CA 029487 XXXX MB; and

4. To the extent not otherwise disposed of herein, all pending motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ____18th____ day of November, 2008.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

Clerk, Circuit Court
Palm Beach County, Florida
Case No. 50 2008 CA 029487 XXXX MB
(certified copy)

4